IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MACBETH V. DALMAN,
Plaintiff,

v.                                                          Case No.: 4:25 cv 493 - RH/mAf

MADISON COUNTY SHERIFF'S OFFICE;
Sheriff David Harper; Undersheriff Chris Andrews; Lt. Bill Hart;
Cpl. David Myers; Inv. Jeff Rosenberg; Inv. Eddie Brannon;
Captain Jarrod Lauth; Sgt. Anthony Land; Sgt. Victoria Zeigler;
Sgt. Joey Knight; Sgt. Greg Ray; Deputy Brian Bish; Deputy Skylor Deming;
Deputy William Terry; Deputy Kierra Livingston; Sgt. Dennis Pitts;
Sgt. Shane Coody; Cpl. Stacey Wilson; Detention Officer Allen Lee;
Detention Officer Kelvin Bellamy; Sgt. Jimmy Smith;
Detention Officer Casey Fitzgerald; Detention Officer Krystal Robinson;
Nurse Amanda Vannote;
and John Does 1–20 (Unknown Deputies and K-9 Handlers),

Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (42 U.S.C. §§ 1983, 1985(3), U.S. CONST. AMENDS. I, IV & XIV)

Plaintiff, Macbeth V. Dalman ("Plaintiff"), sues Defendants and alleges:

### INTRODUCTION

1. This is a civil-rights action arising from a campaign of harassment, unlawful

   seizures, excessive force, sexual humiliation, denial of medical care, and

   retaliatory intimidation carried out by the Madison County Sheriff's Office

   ("MCSO") and its personnel.

2. Acting under color of state law, Defendants violated Plaintiff's clearly

   established rights under the First, Fourth, and Fourteenth Amendments to the

   United States Constitution, and conspired to interfere with those rights in

FILED USDC FLND TL
DEC 2 '25 PM3:02
BF

violation of 42 U.S.C. §§ 1983 and 1985(3).

3.  Plaintiff also brings supplemental state-law claims for assault, battery, false imprisonment, intentional infliction of emotional distress, negligence, trespass, invasion of privacy, and violation of Florida's Public Records Act, Chapter 119, Florida Statutes.

4.  Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and all other relief the Court deems just and proper.

## JURISDICTION AND VENUE

5.  This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims arising under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983 and 1985(3).

6.  This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts as her federal claims.

7.  Venue is proper in this District under 28 U.S.C. § 1391(b) because all events and omissions giving rise to this action occurred in Madison County, Florida, which lies within the Northern District of Florida, Tallahassee Division.

## PARTIES

8.  Plaintiff MACBETH V. DALMAN is an adult resident of Lee, Florida.

9.  Defendant MADISON COUNTY SHERIFF'S OFFICE ("MCSO") is a governmental law-enforcement agency serving Madison County, Florida, and at all relevant times operated the Madison County Jail and employed the individual Defendants.

10.  Defendant DAVID HARPER is, and at all relevant times was, the elected Sheriff of Madison County, responsible for the policies, practices, training,

supervision, and discipline of MCSO personnel. He is sued in his individual and official capacities.

11. Defendant CHRIS ANDREWS is, and at all relevant times was, the Undersheriff of Madison County. He is sued in his individual and official capacities.

12. Defendants listed in the caption above are, and at all relevant times were, deputies, investigators, supervisors, detention officers, and/or medical staff employed by MCSO, acting within the course and scope of their employment and under color of state law. They are sued in their individual capacities.

13. Defendants JOHN DOES 1–20 are presently unknown MCSO deputies, detention officers, supervisors, and/or K-9 handlers whose identities have been omitted, concealed, or withheld from public-records responses. They will be substituted by name as discovery reveals their identities.

## GENERAL ALLEGATIONS

A. Pattern of Harassment and Intimidation

14. Beginning on or about September 19, 2022, Defendants initiated a pattern of targeted harassment against Plaintiff lasting approximately ten months, ending around June 3, 2023.

15. The harassment included constant surveillance, unjustified visits, intimidation, repeated calls involving outside agencies, unlawful trespasses onto Plaintiff's gated private property, and repeated presence of deputies and K-9 units near her home at night.

16. Deputies attempted to lure Plaintiff outside her home at night and maintained a continuous atmosphere of fear, coercion, and retaliation.

B. September 20, 2022 Illegal Detention

17. On September 20, 2022, Defendants arrived at Plaintiff's home and illegally detained her on her property for approximately two hours without valid legal justification.

18. Plaintiff was then transported to the jail and questioned for an additional two hours. She was not free to leave at any time.

C. December 6, 2022 Unlawful Arrest and Jail Humiliation

19. On December 6, 2022, Defendants returned to Plaintiff's home and unlawfully arrested her without probable cause.

20. During the arrest, Plaintiff was knocked unconscious and her breast was exposed.

21. Plaintiff was paraded into the jail while partially naked, in full view of male deputies, staff, and detainees, violating her dignity, privacy, and bodily integrity.

22. Jail staff mocked and humiliated Plaintiff while she remained exposed and physically injured, forcing her to sit in the booking area with her breasts uncovered despite her attempts to lean forward and cover herself.

23. Plaintiff repeatedly requested medical assistance, but her requests were ignored and she was denied prompt medical care. Plaintiff remained in pain and distress while confined.

24. Plaintiff was held for several hours in this condition, suffering extreme humiliation, emotional trauma, and physical pain.

D. Ongoing Harassment, Trespass, and Retaliation

25. Harassment by Defendants continued for months before the December 6, 2022 arrest and for approximately seven months afterward.

26. On multiple occasions, MCSO deputies unlawfully entered Plaintiff's fenced

property by jumping her gate or cutting her padlock without consent or warrant.

27. Plaintiff informed deputies that they were trespassing and that she did not consent to their presence. Deputies refused to leave.

28. These warrantless entries and ongoing harassment violated Plaintiff's Fourth Amendment rights and caused severe emotional distress and fear for her safety.

E. Medical Treatment and Lasting Injuries

29. Following the December 6, 2022 incident, Plaintiff sought medical evaluation and treatment from multiple providers, including but not limited to:

a. Kristen, Nico D., M.D., at CareConnect Urgent Care in Moultrie, Georgia;

b. Warren A. Oliver Jr., D.O.;

c. Dr. Ernesto Alonso, First Choice Neurology;

d. Dr. Adil Kabeer, The Orthopaedic Institute (Gainesville & Lake City).

30. Plaintiff underwent surgeries at Lake City Surgery Center on or about:

• August 28, 2025 (right wrist); and

• October 9, 2025 (left wrist).

31. Additional surgeries for both elbows have been recommended. Plaintiff's right-hand surgery did not fully resolve her pain or symptoms, and she continues to suffer physical limitations and chronic pain attributable to Defendants' conduct.

F. Psychological Trauma

32. Plaintiff was diagnosed with Post-Traumatic Stress Disorder (PTSD) and has undergone approximately two years of treatment with Dr. Alfred White, Jr., LMHC, LPC.

33. Plaintiff also received counseling and/or medication from BetterHelp, CareConnect Urgent Care, and Lemonaid Health to treat panic attacks, insomnia, anxiety, and other symptoms resulting from Defendants' actions.

G. Financial Losses

34. Plaintiff has incurred at least $29,861.90 in legal and administrative costs, including but not limited to:

• Approximately $27,500 in legal fees;

• Approximately $1,350 in advisory/writing assistance;

• Approximately $611.90 in FOIA/public-records expenses; and

• Approximately $400 for mailing and records delivery.

35. Due to harassment and fear for her safety, Plaintiff was forced to temporarily relocate in or around October and November 2022, renting another property at a total cost of approximately $800. Plaintiff retains leases and receipts documenting these payments.

H. Public Records Obstruction and Exhaustion of Remedies

36. Plaintiff submitted multiple lawful written public-records requests under Chapter 119, Florida Statutes, seeking personnel rosters, call logs, dispatch records, and other documents covering approximately September 19, 2022 through June 3, 2023.

37. On or about October 1, 2025, MCSO produced only a partial response, identifying personnel solely from September 20 and December 6, 2022, while withholding records for the full requested period and omitting known individuals who were present.

38. Plaintiff's public-records requests were ignored, denied, lost, or only partially answered. Defendants' responses contained contradictions and missing

deputy names, demonstrating a pattern of concealment and obstruction.

39. Plaintiff possesses audio, video, call logs, voicemail evidence, and eyewitness accounts documenting repeated deputy presence between approximately September 19, 2022 and June 3, 2023, contrary to MCSO's limited records responses.

40. By withholding public records and providing incomplete and misleading responses, MCSO continues to violate Chapter 119, Florida Statutes, and to conceal the extent of its wrongdoing.

41. Plaintiff has exhausted all reasonable administrative and governmental remedies before filing this action, including written complaints and evidence submitted to the Public Records Custodian, MCSO's attorney, the Madison County Commission, state agencies, and federal officials.

I. Criminal Case Dismissal and Continuing Harassment

42. The criminal case arising from Plaintiff's December 6, 2022 arrest was dismissed in or about October 2023.

43. Despite the dismissal of charges, harassment and intimidation by Defendants continued for months, including repeated patrols near Plaintiff's home, trespasses on her property, and retaliatory conduct intended to deter her from asserting her rights and seeking accountability.

J. Conspiracy and Supervisory Participation

44. Defendants, including Sheriff Harper and Undersheriff Andrews, knew of, participated in, directed, approved, or deliberately ignored the ongoing harassment, unlawful entries, retaliatory actions, and constitutional violations against Plaintiff.

45. The pattern of conduct, coordinated presence of multiple deputies, repeated

trespasses, and consistent efforts to conceal records demonstrate an agreement and conspiracy among Defendants to interfere with Plaintiff's civil rights and to retaliate against her for reporting misconduct.

46. MCSO's failure to discipline, retrain, or meaningfully investigate involved personnel reflects a policy, custom, or practice of tolerating and ratifying such misconduct.

K.   Protective Order Notice

47. Plaintiff intends to file certain audio, video, and other evidence (including Exhibit E) containing the full names and voices of civilian witnesses. In order to protect those witnesses from retaliation, Plaintiff will seek a protective order limiting access to such evidence and prohibiting its dissemination by Defendants beyond what is necessary for this litigation.

CLAIMS FOR RELIEF

COUNT I

EXCESSIVE FORCE – 42 U.S.C. § 1983 (FOURTH AMENDMENT)

(Against Individual Defendants)

48. Plaintiff realleges paragraphs 1–47 as if fully set forth herein.

49. The individual Defendants, acting under color of state law, used objectively unreasonable and excessive force against Plaintiff during the December 6, 2022 encounter, including knocking her unconscious and forcibly handling her without justification.

50. Defendants' conduct violated Plaintiff's rights under the Fourth Amendment to be free from excessive force.

51. As a direct and proximate result, Plaintiff suffered physical injuries, pain, emotional distress, and other damages.

52. Plaintiff is entitled to compensatory and punitive damages under 42 U.S.C. § 1983.

COUNT II

UNLAWFUL SEIZURE / FALSE ARREST – 42 U.S.C. § 1983 (FOURTH AMENDMENT)

(Against Individual Defendants)

53. Plaintiff realleges paragraphs 1–52 as if fully set forth herein.

54. Defendants detained Plaintiff on September 20, 2022 and arrested her on December 6, 2022 without probable cause, reasonable suspicion, or lawful warrant.

55. Plaintiff was not free to leave and was seized within the meaning of the Fourth Amendment.

56. Defendants' actions constituted unlawful seizure and false arrest in violation of the Fourth Amendment.

57. As a direct and proximate result, Plaintiff suffered loss of liberty, emotional distress, and financial and medical damages.

COUNT III

CRUEL TREATMENT AND DUE PROCESS VIOLATIONS – 42 U.S.C. § 1983

(FOURTEENTH AMENDMENT – CONDITIONS)

(Against Individual Defendants)

58. Plaintiff realleges paragraphs 1–57 as if fully set forth herein.

59. On December 6, 2022, while in custody and during the arrest process, Plaintiff was subjected to degrading, punitive, and cruel treatment. Deputies forcibly exposed Plaintiff's breasts during her arrest on the public road and transported her while partially unclothed. Upon arrival at the jail, Plaintiff was again displayed with her breasts exposed in the booking area, mocked by jail staff, and denied prompt medical care. Plaintiff was then placed naked inside a jail cell where a male

officer stood watch over her the entire time, further violating her bodily privacy and dignity. Such conduct was intentional, unnecessary, and served no legitimate governmental or penological purpose.

60. Such treatment served no legitimate penological purpose and violated Plaintiff's rights to substantive due process and bodily integrity under the Fourteenth Amendment.

61. As a direct and proximate result, Plaintiff suffered severe emotional distress, humiliation, and psychological trauma.

COUNT IV

SEXUAL HUMILIATION AND PUBLIC EXPOSURE – 42 U.S.C. § 1983

(FOURTEENTH AMENDMENT – BODILY INTEGRITY)

(Against Individual Defendants)

62. Plaintiff realleges paragraphs 1–61 as if fully set forth herein.

63. Defendants intentionally or recklessly caused Plaintiff to be displayed with her breasts exposed in the booking area of the jail, in view of male staff and detainees and naked in a jail cell of male staff, while refusing to provide adequate clothing or privacy.

64. This conduct constitutes sexual humiliation and violation of Plaintiff's bodily integrity and privacy, in violation of the Fourteenth Amendment.

65. As a direct and proximate result, Plaintiff suffered severe emotional and psychological harm and ongoing PTSD symptoms.

COUNT V

DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS – 42 U.S.C. § 1983

(FOURTEENTH AMENDMENT – MEDICAL CARE)

(Against Individual Defendants and Nurse)

66. Plaintiff realleges paragraphs 1–65 as if fully set forth herein.

67.  Plaintiff presented with obvious injuries and repeatedly requested medical assistance while in custody on December 6, 2022.

68.  Defendants, including detention staff and medical personnel, knew of Plaintiff's serious medical needs yet deliberately ignored or delayed treatment.

69.  Defendants' deliberate indifference to Plaintiff's serious medical needs violated her rights under the Fourteenth Amendment.

70.  As a direct and proximate result, Plaintiff's injuries worsened, requiring surgeries and ongoing treatment, and she suffered additional pain, suffering, and emotional distress.

COUNT VI

RETALIATION FOR EXERCISING FIRST AMENDMENT RIGHTS – 42 U.S.C. § 1983

(Against Individual Defendants)

71.  Plaintiff realleges paragraphs 1–70 as if fully set forth herein.

72.  Plaintiff engaged in protected speech and petition activity, including complaining about deputy misconduct, seeking public records, and pursuing legal remedies.

73.  In retaliation for this protected activity, Defendants escalated surveillance, harassment, trespasses, and intimidation against Plaintiff, and participated in efforts to conceal records and obstruct her complaints.

74.  Defendants' actions would chill a person of ordinary firmness from continuing to engage in protected speech.

75.  Defendants' retaliatory conduct violated Plaintiff's rights under the First and Fourteenth Amendments.

76.  As a direct and proximate result, Plaintiff suffered emotional distress, financial losses, and other damages.

COUNT VII

ILLEGAL WARRANTLESS ENTRY AND TRESPASS – 42 U.S.C. § 1983

(FOURTH AMENDMENT – UNREASONABLE SEARCH)

(Against Individual Defendants)

77. Plaintiff realleges paragraphs 1–76 as if fully set forth herein.

78. Defendants repeatedly entered Plaintiff's fenced and gated property without a warrant, exigent circumstances, or valid consent, including by jumping her gate and cutting her padlock.

79. These entries constituted unreasonable searches and seizures in violation of Plaintiff's Fourth Amendment rights.

80. As a direct and proximate result, Plaintiff experienced fear, anxiety, and emotional distress, and her peaceful enjoyment of her property was disrupted.

COUNT VIII

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS – 42 U.S.C. § 1985(3)

(Against All Individual Defendants)

81. Plaintiff realleges paragraphs 1–80 as if fully set forth herein.

82. Defendants, including Sheriff Harper, Undersheriff Andrews, supervisors, deputies, and detention officers, reached an agreement and understanding to harass, intimidate, and retaliate against Plaintiff, to cover up their misconduct, and to deter her from exercising her constitutional rights.

83. In furtherance of this conspiracy, Defendants engaged in overt acts including, but not limited to: repeated unlawful entries onto Plaintiff's property; coordinated presence of deputies at her gate and community entrance; use of K-9 units for intimidation; humiliating treatment in jail; and obstruction and

concealment of public records.

84. The conspiracy was motivated, at least in part, by animus toward Plaintiff as a person who reported law-enforcement misconduct and sought to hold Defendants accountable.

85. As a direct and proximate result of Defendants' conspiracy, Plaintiff's civil rights were violated and she suffered physical, emotional, and financial damages.

COUNT IX

MONELL / POLICY, PRACTICE, AND CUSTOM – 42 U.S.C. § 1983

(Against Madison County Sheriff's Office – Official Capacity)

86. Plaintiff realleges paragraphs 1–85 as if fully set forth herein.

87. Defendant MCSO, through its final policymakers including Sheriff Harper and Undersheriff Andrews, maintained policies, practices, customs, or usages that were the moving force behind the violations of Plaintiff's rights, including:

a. Tolerating and encouraging harassment and intimidation of citizens;

b. Failing to properly train and supervise deputies and detention staff on constitutional limits on force, arrest, medical care, and property entry;

c. Failing to investigate or discipline employees who engage in misconduct;

d. Using public-records obstruction to conceal wrongdoing and protect offending officers.

88. These policies, practices, and customs reflect deliberate indifference to the constitutional rights of citizens such as Plaintiff.

89. As a direct and proximate result, Plaintiff's injuries and constitutional deprivations occurred.

COUNT X

SUPERVISORY LIABILITY – 42 U.S.C. § 1983

(Against Sheriff David Harper and Undersheriff Chris Andrews)

90. Plaintiff realleges paragraphs 1–89 as if fully set forth herein.

91. Sheriff Harper and Undersheriff Andrews had actual or constructive knowledge of the widespread pattern of harassment, unlawful entries, retaliatory conduct, and abusive treatment toward Plaintiff.

92. Despite this knowledge, they failed to adequately supervise, train, discipline, or remove offending personnel, and instead ratified and approved the misconduct.

93. Their deliberate indifference and approval of subordinates' actions were moving forces behind the violations of Plaintiff's constitutional rights.

94. As a direct and proximate result, Plaintiff suffered the injuries and damages described herein.

COUNT XI

VIOLATION OF FLORIDA PUBLIC RECORDS ACT – CHAPTER 119, FLA. STAT.

(Against Madison County Sheriff's Office and Harper)

95. Plaintiff realleges paragraphs 1–94 as if fully set forth herein.

96. Plaintiff submitted multiple lawful public-records requests under Chapter 119, Florida Statutes, seeking records related to deputy presence, call histories, and personnel rosters.

97. MCSO and its officials failed to timely provide the requested records, produced incomplete and misleading responses, and withheld records without lawful justification.

98. These actions violate Florida's Public Records Act, entitling Plaintiff to declaratory relief, injunctive relief, statutory damages where applicable, and attorney's fees and costs.

## COUNT XII

ASSAULT AND BATTERY – STATE LAW

(Against Individual Defendants)

99. Plaintiff realleges paragraphs 1–98 as if fully set forth herein.

100. Defendants intentionally struck, grabbed, and physically handled Plaintiff in a harmful or offensive manner, including knocking her unconscious and forcing her while partially clothed through the jail.

101. Defendants' conduct constitutes assault and battery under Florida law.

102. As a direct and proximate result, Plaintiff suffered physical injuries, pain and suffering, and emotional distress.

## COUNT XIII

FALSE IMPRISONMENT – STATE LAW

(Against Individual Defendants)

103. Plaintiff realleges paragraphs 1–102 as if fully set forth herein.

104. Defendants intentionally confined Plaintiff against her will without lawful authority during the September 20, 2022 detention and December 6, 2022 arrest and booking.

105. Plaintiff was conscious of, and did not consent to, this confinement.

106. Defendants' conduct constitutes false imprisonment under Florida law, and Plaintiff is entitled to damages.

## COUNT XIV

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – STATE LAW

(Against Individual Defendants)

107. Plaintiff realleges paragraphs 1–106 as if fully set forth herein.

108. Defendants' conduct—including repeated harassment, nighttime trespasses, sexual humiliation, mocking while injured and exposed, and retaliation for seeking help—was extreme and outrageous and exceeded all bounds of decency in a civilized society.

109. Defendants intentionally or recklessly caused Plaintiff severe emotional distress.

110. As a direct and proximate result, Plaintiff suffers PTSD, anxiety, insomnia, and ongoing psychological trauma.

### COUNT XV

### NEGLIGENCE / NEGLIGENT HIRING, RETENTION, AND SUPERVISION – STATE LAW

(Against Madison County Sheriff's Office and Harper)

111. Plaintiff realleges paragraphs 1–110 as if fully set forth herein.

112. MCSO and Sheriff Harper owed Plaintiff a duty to hire, train, supervise, and retain competent officers and staff.

113. By hiring, retaining, and failing to discipline deputies and detention staff with known or obvious propensities for misconduct, and by failing to adopt and enforce adequate policies, MCSO and Harper breached their duties.

114. As a direct and proximate result, Plaintiff suffered the injuries and damages alleged herein.

### PRESUIT NOTICE FOR STATE CLAIMS

115. To the extent required by Florida Statute § 768.28, Plaintiff is providing written notice of her state-law tort claims to the Madison County Sheriff's Office and the Florida Department of Financial Services within three years of

accrual. Plaintiff will amend this Complaint as necessary following the expiration of the statutory 180-day investigation period.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against all Defendants;

b. Award compensatory damages for physical injuries, surgeries, PTSD, emotional trauma, humiliation, financial losses, and other harms;

c. Award general damages for pain, suffering, loss of dignity, and loss of enjoyment of life;

d. Award punitive damages against the individual Defendants for their willful, malicious, and reckless conduct;

e. Declare that Defendants' conduct violated Plaintiff's rights under the U.S. Constitution, 42 U.S.C. §§ 1983 and 1985(3), and Florida law;

f. Enter injunctive relief prohibiting Defendants from engaging in further harassment, retaliation, or unlawful contact with Plaintiff, and requiring proper training and policies to prevent similar misconduct;

g. Grant a protective order restricting dissemination of sensitive audio/video evidence containing witness identities and limiting such materials' use to this litigation;

h. Order Defendants to comply fully with Florida's Public Records Act and to produce all responsive records previously withheld or concealed;

i. Award Plaintiff costs of suit, filing fees, and reasonable attorney's fees and

litigation expenses under 42 U.S.C. § 1988 and applicable Florida statutes;

j.    Award statutory damages and attorney's fees as permitted under Chapter

119, Florida Statutes;

k.    Grant any additional legal or equitable relief the Court deems just and

proper.

## JURY DEMAND

116.   Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Macbeth V. Dalman
MACBETH V. DALMAN
P.O. Box 9462
Lee, Florida 32059
Phone: (845) 807-8990
Email: Dalmac26@hotmail.com
Dated: 12/01/2025